Joe Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
888 595 9111ext 125
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Garcia, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Credit Control, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.   This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, Joshua Garcia ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Control, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant placed a telephone call to Plaintiff's cellular telephone on November 17, 2011 at 7:54 A.M., local time at Plaintiff's location.

12. On November 23, 2011 at 2:42 P.M., Defendant placed a telephone call to Plaintiff's cellular telephone, and at such time left a voicemail message in effort to collect an alleged debt in default.

13. Plaintiff called Defendant on November 23, 2011 at 4:04 P.M., to inquire about the earlier call, as Plaintiff had no knowledge as to the nature of any debt allegedly owed.

14. During the abovementioned conversation, Defendant stated to Plaintiff that it had mailed a letter to Plaintiff on November 18, 2011, which contained information regarding the alleged debt.

15. At such time, Plaintiff informed Defendant that he had never received any written communication from Defendant.

16. Defendant thereafter verified Plaintiff's address, and informed Plaintiff that a new letter would be sent to Plaintiff's address.

17. During the November 23, 2011 conversation, Plaintiff asked Defendant why it called him at an inconvenient time of 7:54 A.M.

18. Defendant told Plaintiff that "the computer dialed [Plaintiff's] number."

19. To date, Plaintiff has not received any written communication from Defendant.

20. Defendant did not provide Plaintiff with the disclosures required by 15 U.S.C. § 1692g(a) during its November 23, 2011 communication with Plaintiff.

21. Defendant subsequently placed additional telephone calls to Plaintiff's cellular telephone number on the following dates and times:

      (1) December 5, 2011 at 2:10 P.M.

      (2) December 5, 2011 at 5:46 P.M.

      (3) December 6, 2011 at 12:07 P.M.

      (4) December 19, 2011 at 3:24 P.M.

      (5) December 20, 2011 at 3:19 P.M.

      (6) December 27, 2011 at 2:43 P.M.

      (7) December 30, 2011 at 3:06 P.M.

      (8) December 30, 2011 at 4:06 P.M.

      (9) January 4, 2012 at 3:19 P.M.

      (10) January 4, 2012 at 3:55 P.M.

      (11) January 6, 2012 at 10:03 A.M.

22. The abovementioned telephone calls were not placed for emergency purposes.

23. Defendant did not have Plaintiff's prior express consent to place telephone calls to his cellular telephone number using an automatic telephone dialing system.

24. The placement of the telephone calls to Plaintiff's cellular telephone was not the result of any error or other involuntary action.

25. Rather, Defendant placed the telephone calls to Plaintiff's cellular telephone number willfully and knowingly.

26. Upon information and good faith belief, Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an

artificial or pre-recorded voice, including, but not limited to, the thirteen (13) above referenced calls.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff's cellular telephone at 7:54 A.M. on November 17, 2011 – a time which was known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide the disclosures required by 15 U.S.C. § 1692g(a) during Defendant's initial communication with Plaintiff, and by failing to provide them in writing to Plaintiff within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 19th day of March, 2012

By: s/ Joe Panvini
Joe Panvini (028359)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
888 595 9111ext 125
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff